UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR EDGAR MEDRANO MARQUEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-02976-DAD-CSK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO ENFORCE JUDGMENT<br><br>(Doc. No. 3) |

On April 20, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, a motion to appoint counsel, and a motion for temporary restraining order seeking either his immediate release from immigration custody or a new bond hearing after he had been denied bond release at a hearing before an immigration judge ("IJ") that was held pursuant to an order from this court. (Doc. Nos. 1, 2, 3.) On April 24, 2026, the previously assigned district judge granted petitioner's motion to appoint counsel. (Doc. No. 6.) On April 27, 2026, respondent filed a notice of related cases indicating that this action is related to the petition filed in *Medrano Marquez v. Chestnut et al.*, 1:26-cv-02181-DAD-CSK. (Doc. No. 9.) On May 4, 2026, this matter was reassigned to the undersigned. (Doc. No. 10.) On May 5, 2026, the assigned magistrate judge issued an order directing the Clerk of the Court to update the docket to reflect that counsel had been appointed on behalf of petitioner. (Doc. No. 11.) After requesting

and receiving multiple extensions of time to file a reply in support of the pending motion for temporary restraining order (Doc. Nos. 12, 13, 14, 15, 16, 17), petitioner, through his appointed counsel, filed that reply on July 3, 2026.[1] (Doc. No. 18.) Therein, petitioner contends that this court should either order his immediate release from immigration custody or order a new bond hearing because the IJ improperly placed the burden on petitioner to prove that he was neither a danger nor flight risk when this court had already ordered a bond hearing at which respondents would be required to prove that petitioner is a danger or flight risk by clear and convincing evidence in order to justify his continued detention. (Doc. No. 18 at 1–4.) Because petitioner's arguments challenge the adequacy of the bond hearing that this court previously ordered, the court construes petitioner's motion as a motion to enforce the judgment issued in *Medrano Marquez v. Chestnut et al.*, 1:26-cv-02181-DAD-CSK.

On August 9, 2026, respondent filed an opposition to the pending motion. (Doc. No. 22.) In that opposition, respondent argues that petitioner's motion should be denied for failure to exhaust his administrative remedies. (Doc. No. 22 at 1–4.) Further, respondent argues that if the court grants petitioner's motion, the appropriate remedy is to order a new bond hearing, not his immediate release. (*Id.* at 3.)

**LEGAL STANDARD**

A district court has continuing jurisdiction to enforce its injunction. *See Crawford v. Honig*, 37 F.3d 485, 488 (9th Cir. 1994). The party seeking to enforce the injunction has the burden of showing by clear and convincing evidence that the enjoined party violated a specific provision of the court's order. *Kia Am., Inc. v. Rally Auto Group, Inc.*, No. 8:22-cv-00109-JVS-

[1] To his reply, petitioner has attached a partial transcript from the bond hearing that this court ordered while representing that "[t]he hearing was not officially transcribed." (*Id.* at 2 n.1.) Petitioner's counsel states that he "reviewed the transcript while listening to the hearing and the transcript accurately captures the information from the bond hearing[]" and that an audio recording of that bond hearing would be lodged with the court. (*Id.*) On July 20, 2026, petitioner lodged a thumb drive with this court which contained an audio recording of the bond hearing. (Doc. No. 19.) The court has reviewed that audio recording and notes the recording is silent whenever the IJ is speaking as if his microphone was turned off or simply not picked up by the device that was used to record those proceedings. Thus, the audio recording could not be relied upon by this court in reviewing the adequacy of petitioner's bond hearing.

JDE, 2022 WL 17185011 at *2 (C.D. Cal. Oct. 20, 2022) (citing *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)). The language of an injunction should be clear such that ordinary persons will know "precisely" what action is proscribed in order to provide sufficient notice to the party being enjoined. *Clark v. Coye*, 60 F.3d 600, 604 (9th Cir. 1995). "[A]ll ambiguities are resolved in favor of the person [or entity] subject to the injunction." *United States v. Holtzman*, 762 F.2d 720, 726 (9th Cir. 1985).

When reviewing an immigration custody determination in habeas proceedings, the district court must apply an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2025) ("When questions require a close review of agency-found facts, like the 'dangerousness' determination [in an immigration custody hearing], we review for an abuse of discretion."). In so doing, the court "cannot reweigh evidence but can only determine whether the [immigration judge] applied the correct legal standard." *Id.* at 785 (cleaned up). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence." *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021), *aff'd sub nom. Quan v. Garland*, No. 21-15416, 2022 WL 576215 (9th Cir. Feb. 25, 2022).

**DISCUSSION**

As noted, respondent argues that petitioner's motion should be denied because he failed to appeal the IJ's order to the Board of Immigration Appeals ("BIA"). (Doc. No. 22 at 1–3.)

Prudential exhaustion may be required where:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks and citation omitted). Even where consideration of these factors weighs in favor of exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would

be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks and citation omitted). In a similar case, the undersigned explained that:

> "District courts in the Ninth Circuit have found that a petitioner need not exhaust administrative remedies by appealing a district court-ordered bond hearing to the BIA before pursuing a motion to enforce judgment." *Singh v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-01973-DAD-CSK, 2026 WL 1328588, at *5 (E.D. Cal. May 13, 2026). This is because the issue presented in a proper motion to enforce judgment in this context is only the legal question of whether the appropriate evidentiary burden was imposed at the bond hearing. *Id.* Nevertheless, some district courts have declined to consider challenges to an immigration judge's bond decision, even where the underlying bond hearing was conducted pursuant to a district court order, where the inquiry requested is a "fact-intensive" review of an "individual bond determination[.]" *Martinez v. Scott*, No. 2:25-cv-01538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

*O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK, 2026 WL 1816122, at *2 (E.D. Cal. June 24, 2026).

Here, despite petitioner's contention that he is challenging the IJ's application of the correct legal standard at the court ordered bond hearing, a review of his arguments reveals that he is actually asking this court to reweigh the evidence presented at that hearing. (Doc. No. 18 at 3–4.) In this regard, petitioner has failed to show that exhaustion should not be required. *O.A.C.S.*, 2026 WL 1816122, at *2 (finding that the *Puga* factors weighed in favor of requiring exhaustion where petitioner's arguments regarding whether the proper evidentiary burden was applied at a bond hearing primarily sought to have the court to re-weigh the evidence presented at that hearing). The court is particularly unconvinced that exhaustion should be waived in light of the fact that petitioner appeared to have preserved the right to appeal the IJ's decision (Doc. No. 18-1 at 3), but there is no indication that he actually pursued an appeal. *Guiterrez v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-01477-DAD-SCR (HC), 2026 WL 1345869, at *1 (E.D. Cal. May 14, 2026) ("Here, petitioner has failed to offer any explanation as to why he reserved the right to appeal the IJ's decision but failed to do so. The court is not persuaded that exhaustion should be waived under these circumstances."). Finally, "irrespective of the errors Petitioner assigns to his bond hearing, the fact remains that he received a bond hearing" meaning

that "[t]his case is thus readily distinguishable from those involving continued detention without *any* process." *Martinez v. Scott*, No. 2:25-cv-01538-TSZ-GJL, 2025 WL 2689844, at *6 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, No. 25-cv-01538-TSZ, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

**CONCLUSION**

For the reasons explained above,

1. Petitioner's motion (Doc. No. 3) is denied; and

2. The petition for writ of habeas corpus (Doc. No. 1) is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **August 13, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE