UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR EDGAR MEDRANO MARQUEZ (A-205-466-991),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondents. | No. 1:26-cv-02976 DAD-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Salvador Edgar Medrano Marquez (A-205-466-991), a native and citizen of El Salvador, has filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] After petitioner's first habeas petition was granted and the government was ordered to provide petitioner with a bond hearing, petitioner was provided a bond hearing before an immigration judge on March 31, 2026. Medrano Marquez v. Chestnut et al., 1:26-cv-02181-DAD-CSK (E.D. Cal.), 3/24/2026 Order (ECF No. 9) ("Medrano Marquez I"). The immigration judge denied release. On April 20, 2026, petitioner filed this second petition ("Medrano Marquez II") pro se, challenging his continued detention after the immigration judge denied bond. On August 13, 2026, the district court denied petitioner's motion for a temporary restraining order and referred

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

this matter to the undersigned for further proceedings. For the reasons that follow, the Court recommends that the petition be dismissed.

## I. BACKGROUND

The factual and procedural background previously presented in the district judge's orders is incorporated herein. See 8/13/2026 Order Medrano Marquez II (ECF No. 24); 3/24/2026 Order Medrano Marquez I (ECF No. 9).

After petitioner filed this instant petition and motion for a temporary restraining order pro se, counsel was appointed. (ECF No. 6.) The district court granted multiple extension requests for petitioner to file his reply in support of his motion for a temporary restraining order, and decided the motion after petitioner filed his counseled reply and after ordering additional briefing from respondent and petitioner. (See ECF Nos. 14-23.) On August 13, 2026, the district court denied petitioner's motion for a temporary restraining order, which was construed as a motion to enforce the judgment issued in Medrano Marquez I. (ECF No. 24 at 2.) The district court referred this matter to the assigned magistrate judge for further proceedings. (Id. at 5.) This Court set a merits briefing schedule. (ECF No. 25.) On August 25, 2026, respondent filed a response to the petition and petitioner filed his reply on September 1, 2026.[2] (ECF Nos. 26, 28.) Briefing is complete. (See Docket.)

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

[2] Petitioner also lodged a corrected audio recording of the bond hearing. (ECF Nos. 27.) With petitioner's reply in support of his motion for a temporary restraining order, petitioner filed a written transcript of the hearing provided by petitioner's immigration counsel, and confirmed that the written transcript accurately captured the bond hearing. (See ECF No. 18 at 2 n.1; ECF No. 18-2 (bond hearing transcript).)

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner challenges his continued detention based on the adequacy of the March 2026 bond hearing before an immigration judge, which petitioner argues was not constitutionally adequate and violated the district court's order in Medrano Marquez I.[3] (See ECF Nos. 18, 23, 28.) Respondent argues that petitioner failed to exhaust where he did not appeal the immigration judge's denial of bond and that the bond hearing was constitutionally adequate and did not violate the district court's order. (See ECF No. 22.)

On August 13, 2026, the district court denied petitioner's motion for a temporary restraining order, which was construed as a motion to enforce the judgment issued in Medrano Marquez I. (ECF No. 24 at 2.) In denying petitioner's motion for a temporary restraining order, the district court construed the motion as a motion to enforce the judgment issued in Medrano Marquez I because petitioner challenged the adequacy of the bond hearing. (ECF No. 24 at 2.) The district court concluded that "despite petitioner's contention that he is challenging the IJ's application of the correct legal standard at the court ordered bond hearing, a review of his arguments reveals that he is actually asking this court to reweigh the evidence presented at that hearing." (ECF No. 24 at 4 (citing ECF No. 18 at 3-4).) The district court held that petitioner has failed to show that exhaustion should not be required. (Id.) The district court reasoned:

> The court is particularly unconvinced that exhaustion should be

[3] Petitioner filed his petition pro se and pro se pleadings are liberally construed. Petitioner was appointed counsel, and has appeared through counsel beginning in May 2026, with counsel submitting briefs on petitioner's motion for a temporary restraining order and merits briefing. (See Docket.) Based on the petition and arguments presented by petitioner through counsel, the Court construes petitioner's habeas petition to challenge his continued detention based on the adequacy of the March 2026 bond hearing. (See ECF No. 1 at 5, 8 (discussing bond hearing); ECF No. 18; ECF No. 23; ECF No. 28.)

> waived in light of the fact that petitioner appeared to have preserved the right to appeal the IJ's decision (Doc. No. 18-1 at 3), but there is no indication that he actually pursued an appeal. Guiterrez v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-01477-DAD-SCR (HC), 2026 WL 1345869, at *1 (E.D. Cal. May 14, 2026) ("Here, petitioner has failed to offer any explanation as to why he reserved the right to appeal the IJ's decision but failed to do so. The court is not persuaded that exhaustion should be waived under these circumstances."). Finally, "irrespective of the errors Petitioner assigns to his bond hearing, the fact remains that he received a bond hearing" meaning that "[t]his case is thus readily distinguishable from those involving continued detention without any process." Martinez v. Scott, No. 2:25-cv-01538-TSZ-GJL, 2025 WL 2689844, at *6 (W.D. Wash. Aug. 27, 2025), report and recommendation adopted, No. 25-cv-01538-TSZ, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

(ECF No. 24 at 4-5.) The district court denied the motion to enforce the judgement in Medrano Marquez I and referred the matter to the assigned magistrate judge. (ECF No. 24 at 5.)

In merits briefing, petitioner raises similar arguments raised on the motion, incorporating petitioner's prior arguments. (See ECF No. 28 at 1; ECF No. 18, ECF No. 23.) Petitioner argues the bond hearing was not constitutionally adequate, violated the district court's order in Medrano Marquez I, and that exhaustion should be excused because petitioner only challenges whether the appropriate evidentiary burden was imposed. Respondent also raises similar arguments, also incorporating its prior briefing. (ECF No. 26.) To the extent petitioner attempts to argue that the record has changed since the district court's denial of the motion to enforce because counsel lodged a corrected audio transcript of the bond hearing with his merits brief, this argument fails. (See ECF No. 28 at 1-2.) As noted above, petitioner previously filed a written transcript of the bond hearing with petitioner's counseled motion briefing and confirmed that the written transcript accurately captured the bond hearing. (See ECF No. 18 at 2 n.1; ECF No. 18-2 (bond hearing transcript).) The fact that petitioner submitted a corrected audio recording does not materially change the record before the district court, which already included a written transcript and a partial audio recording of the bond hearing.

Where the record before the district court has not materially changed since the district

court's ruling on the motion to enforce and the parties advance similar arguments, the Court does not find a basis to depart from the district court's prior findings. (See ECF No. 24.) The Court agrees with the district court's findings that though petitioner contends that he is challenging whether the immigration judge applied the corrected standard at the bond hearing, petitioner is "actually asking this court to reweigh the evidence presented at that hearing" (id. at 4), and that exhaustion should not be excused where petitioner, who was represented by counsel at his bond hearing, reserved the right to appeal the immigration judge's denial of bond but failed to appeal (id.). Despite the district court raising the exhaustion issue in its order denying the motion, in petitioner's subsequent merits briefing, petitioner proffers no explanation for why petitioner reserved the right to appeal the immigration judge's denial of bond, but failed to appeal. (See ECF No. 24 at 4; ECF No. 28 (petitioner's September 1, 2026 reply on the merits).) Thus, petitioner's challenges to the immigration judge's denial of bond should be raised through the normal process by appealing the denial to the Board of Immigration Appeals.

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal

citation and quotation marks omitted). The court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

Under the circumstances of this case, this Court finds that petitioner should not be excused from exhausting administrative remedies. Therefore, the Court recommends dismissing the petition. See Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (dismissal is appropriate if a petitioner fails to exhaust).

**IV. CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be dismissed.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/marq.2976.26.frs